-John V. Cressap and others v. Benjamin Winchester, Testamentary Executor of Joseph Thompson, deceased.

Objections to a verdict and judgment, on the ground that a juror and one of the witnesses were interested, cannot avail a party to the action, who did not appear at the trial, and challenge the juror or object to the witness; nor would such objections support an action of nullity; much less could a mere guardian of property attached in the suit, question, collaterally, the correctness of the decision, on such grounds.

Service of notice of judgment on a defendant at his last place of residence in the parish in which the judgment was obtained, is sufficient, although he may have afterwards resided in another parish in the State.

. Appeal from the Court of Probates of Iberville, Dutton, J.

Edwards and T. G. Morgan, for the appellants.

Labauve, for the defendant.

Bullard, J.    This is an action upon a bond executed by the defendant's testator, under the following circumstances : Cressap, one of the plaintiffs, having instituted a suit by attachment against one Janes, and the Sheriff, having seized and taken into his possession certain slaves belonging to Janes, took the bond in question, in which it is recited, that the Sheriff having attached said slaves, setting forth their names, and the law having provided, in like circumstances, that the Sheriff may appoint a guardian or guardians therefor, he had conformed to said provision, and ap-

pointed Joseph Thompson and William Janes guardians of said slaves, for their better preservation, until their final adjudication, or until the further order of the court. The said guardians bind themselves not to deliver the said negroes, nor any of them, to any person except the one to whom they may be adjudicated. Joseph Janes, as principal, and Joseph Thompson and William Janes as sureties, bind themselves in the penal sum of $8000, conditioned that, if Janes, Thompson and Janes, guardians as above, shall take and faithfully keep, and faithfully perform all the duties of a guardian, or a prudent father of a family, until their final adjudication, and have the said negroes to deliver them to the said Sheriff, &c., or to any other person to whom the same may be adjudicated by a final decree, then the obligation to be null and void, otherwise to remain in full force and virtue.

The plaintiff, Cressap, prosecuted his suit against Janes to final judgment, and having recovered $5000, the property attached was ordered to be sold to satisfy the same. The judgment was rendered in 1837, and notice of judgment was served at the last place of residence of the defendant Janes, in the the parish of West Baton Rouge, in 1839. A writ of *fieri facias* was issued, some time afterwards, on which the Sheriff returned that he had received $500. An *alias fieri facias* was then issued, on which the Sheriff returns, that after diligent search no property could be found, and that demand could not be made on the defendant, on account of his being out of the State. It is shown, that the Sheriff demanded of Thompson to give up the slaves, and another demand is afterwards shown upon his executor. The Sheriff having transferred the bond to the present plaintiffs, this suit was brought to recover of the estate of Thompson, the balance still due on the judgment against Janes, the executor having refused to admit the claim against the estate.

The court being of the opinion that Thompson had not been put *in mora*, gave judgment for the defendant, and the plaintiffs have appealed.

It is contended, by the counsel for the appellee, that the judgment obtained by Cressap against Janes, was obtained through fraud, collusion, and unfair means; that the trial was, *ex parte*,

neither Janes, nor his counsel, appearing ; that one of the sureties on the attachment bond was a juror, and another a witness.

The record shows, indeed, that when the case was called for trial, the defendant and his counsel did not appear ; and the plain tiff proceeded to the trial,' which, under such circumstances, he had clearly a right to do. We are of opinion, that if the objections made, on the ground that one of the jurors and one of the witnesses were interested, could not avail even Janes on appeal, unless he had appeared at the trial, and made his challenge to the juror, and his objection to the witness. Nor would it be good ground for an action of nullity ; much less has the guardian of the property attached a right to question, collaterally, the correctness of the judgment.

It is next objected, that the judgment has not become executory, and that until then, no demand could be made for the slaves; and that the pretended service of notice of judgment is insufficient, because the last place of residence of Janes in this State, was in the parish of Iberville, and not in West Baton Rouge. But we are of opinion, that the notice of judgment, at the last place of residence in the parish where the judgment was obtained, is sufficient, although the defendant may have afterwards had another place of residence in the State.

The demand made by the Sheriff of Thompson, was, in our opinion, sufficient to put him in delay. The Sheriff was primarily liable for the safe keeping of the property attached, and as soon as judgment was rendered, ordering the property to be sold, he had a right to require the guardians to surrender it.

It is further contended, that the obligation to deliver the slaves is not, in solido, although the penalty be so ; that before the penal bond can be forfeited, it must be shown 'that the obligors have failed to comply with the principal obligation ; and that there is no proof that the parties to the bond were put in default.

Joseph Thompson and William Janes were appointed guardians, and obliged themselves, and each of them, safely to keep the property confided to their charge, &c., under the penalty of eight thousand dollars, which each of them, in solido, with Joseph Janes, had, by a previous clause in the bond, bound himself to pay. The demand was made of Thompson, who was bound·

primarily, as it relates to the principal obligation, to keep the property and restore it to the Sheriff; and that, in our opinion, suffices.

But it is said, that Thompson never was in possession of the slaves, and that Cressap never acquired any title to them. To this it is answered, that Thompson assumed to act as guardian of the property attached, and undertook that the slaves should be given up according to the judgment of the court; and that, although Cressap did not recover the slaves as his property, he recovered a judgment which ordered them to be sold to satisfy his demand

Upon the whole, we conclude, that the Court of Probates erred in giving judgment for the defendant; and that the plaintiffs are entitled to recover the balance due upon the judgment against Janes.

It is, therefore, ordered, that the judgment of the Court of Probates be reversed, and that the plaintiffs be set down and recognized as creditors of the estate of Joseph Thompson, for the sum of four thousand five hundred dollars, with interest at five per cent from the 16th of November, 1842, to be paid in due course of administration; and that the defendant pay the costs of both courts.